# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MINNESOTA

F. William Harvat and John Raines, as
Trustees of the North Central States Regional
Council of Carpenters' Pension Fund,

        Plaintiffs,        Civil Action No. _____

vs.

                                                **COMPLAINT**

Door Service Incorporated, a Minnesota
Corporation,

        Defendant

Plaintiffs, the Trustees of the North Central States Regional Council of Carpenters' Pension Fund referenced in the above caption, as and for their Complaint against the Defendant, state and allege as follows:

1. Federal Court jurisdiction of this action is based on 29 U.S.C. §1132(e), which is part of the Employee Retirement Income Security Act of 1974 ("ERISA"), and is further based on 28 U.S.C. §1331.

2. Plaintiffs are fiduciaries of a "multiemployer plan," as defined at 29 U.S.C. §1002 (37)(A) (the "Plan"). The Plan is established to provide pension benefits to employees doing work in the carpentry trades and their eligible dependents.

3. Defendant Door Service, Incorporated is a Minnesota corporation, and it is an employer of certain employees doing work in the carpentry trades.

556816.1

4. Defendant is signatory to a Master Agreement with the North Central States Regional Council of Carpenters Local Union 361 – Duluth and 606 – Virginia of the United Brotherhood of Carpenters and Joiners of America.

5. Pursuant to the Master Agreement, Defendant is required on a monthly basis to submit to Plaintiffs' administrative offices fringe benefit contribution Report Forms, and to pay on a monthly basis fringe benefit contributions for each hour worked by all employees covered by the Master Agreement. The Report Forms and fringe benefit contributions are due on or before the 15th day of the month following the month during which the work was performed; e.g., the Report Form and corresponding fringe benefit contribution for work performed in January are due on or before February 15.

6. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

7. On August 6, 2013, Plaintiffs' designated agent conducted an audit of Defendant's books and records. According to the audit, Defendant is indebted to Plaintiffs for unpaid fringe benefit contributions due from January 1, 2011 through June 30, 2013 in the amount of $13,276.74.

8. Pursuant to 29 U.S.C. §1145, 29 U.S.C. §1132(g)(2), and the Master Agreement, Defendant is required to pay and the Court shall award to Plaintiffs:

    A. The unpaid fringe benefit contributions in the amount of $13,276.74;

B. Interest on the unpaid contributions at the rate provided under the Plan in the amount of $2,361.67 as of October 11, 2013, plus any interest up to the date of entry of judgment;

C. Liquidated damages of twenty percent (20%) of the unpaid contributions, in the amount of $2,655.35;

D. Reasonable attorney fees and costs of the action.

9. In addition to the foregoing relief, Plaintiffs are entitled pursuant to 29 U.S.C. §1132(g)(2)(E) to obtain such other legal or equitable relief as the Court deems appropriate.

10. In addition to the foregoing relief, Plaintiffs are entitled pursuant to 29 U.S.C. §1132(a)(3) a to seek relief: (A) to enjoin any act or practice which violates any provision of subchapter I of ERISA or the terms of the Plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of said subchapter or the terms of the Plan.

WHEREFORE, Plaintiffs demand the following relief:

1. Granting judgment in favor of the Plaintiffs and against the Defendant for the sum of $15,932.09, consisting of unpaid fringe benefit contributions of $13,276.74 and liquidated damages of $2,655.35, together with interest on the unpaid contributions ($2,361.67 as of October 11, 2013), and Plaintiffs' reasonable attorney fees and costs incurred in this action.

2. For such other legal or equitable relief as the Court deems appropriate.

Dated: January 8, 2014

_____
Andrew E. Staab, Esq.
Attorney for Plaintiffs
Felhaber, Larson, Fenlon & Vogt, P.A.
444 Cedar Street, Suite 2100
St. Paul, MN 55101-2136
astaab@felhaber.com
(651) 222-6321
Attorney Registration No. 204705